IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RASHID A. ALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-613-SLR |
| | ) |
| SCOTT KASPRENSKI, RALPH | ) |
| BAILEY and JOHN BARLOW, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of February, 2008, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the retaliation claim against defendant Lt. John Barlow ("Barlow") and the failure to protect claims against defendants Barlow and Sgt. Ralph Bailey ("Bailey) are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and that plaintiff will be allowed to proceed against defendants on the remaining claims, for the reasons that follow:

1. **Background**. Plaintiff Rashid A. Ali ("plaintiff"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for

screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in

the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, – F.3d –, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 2008 WL 305025, at *6 (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion.** Plaintiff alleges that on October 17, 2006, he was assaulted by C/O Scott Kasprenski ("Kasprenski"), and that Kasprenski retaliated against him after plaintiff told him he was going to report the matter. Plaintiff alleges that Kasprenski filed false disciplinary charges against him. (D.I. 2 ¶¶ 38-39, 43, 51-52) He was ultimately exonerated of the charges, but only after seeking an internal investigation. (Id. at ¶ 60)

6. Plaintiff reported the matter to Barlow, and alleges that Barlow refused to investigate the assault, refused to supervise Kasprenski, and refused to report Kasprenski's actions. (D.I. 2. ¶¶ 26-30) Later, Bailey summoned plaintiff, told plaintiff

he was aware of the incident and to "let it go," and told plaintiff if he pursued it any further he would receive disciplinary charges and be transferred to the security housing unit ("SHU"). (Id. at ¶¶ 42-47) Plaintiff announced that he would not let it go and Bailey told him to pack his belongings. (Id. at ¶¶ 49-50) Plaintiff alleges that Bailey also refused to investigate the assault, refused to supervise Kasprenski, and refused to report Kasprenski's actions. (Id. at ¶ 54.) Plaintiff also alleges that Bailey encouraged Kasprenski to file false charges against him. (Id. at ¶ 55)

7. Plaintiff raises Eighth Amendment violation claims against Kasprenski of excessive force and retaliation and a state law assault and battery claim. (Id. at ¶¶ 71-72, 74) He raises Eighth Amendment violation claims against Barlow and Bailey for failure to protect, retaliation, and failure to investigate, report, supervise or take disciplinary against Kasprenski. (Id. at ¶¶ 71, 73)

8. **Failure to Protect**. Plaintiff alleges that Barlow and Bailey failed to intervene in the alleged assault by Kasprenski. To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); see also Griffin v. DeRosa, 153 Fed. Appx. 851, 2005 WL 2891102 (3d Cir. 2005). The complaint does not allege that Barlow and Bailey had any knowledge that Kasprenski would assault plaintiff. Therefore, the court will dismiss the failure to protect claim for failure to state a claim upon which relief may be

4

granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    9. **Retaliation**. Plaintiff alleges in a conclusory manner that Barlow retaliated against him. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). Proof of a retaliation claim requires that plaintiff demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); see also Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). The complaint alleges that plaintiff engaged in protected conduct. While the complaint alleges that plaintiff was subjected to adverse actions by Kasprenski and Bailey, it does not contain allegations of this nature against Barlow. Therefore, the court will dismiss the retaliation claim raised against Barlow for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    10. **Conclusion**. Based upon the foregoing, the court dismisses the failure to protect claims against Lt. John Barlow and Sgt, Ralph Bailey, and the retaliation claim against Lt. John Barlow. Plaintiff may proceed with the excessive force, retaliation, and assault and battery claim against C/O Scott Kasprenski; the respondeat superior claims

against Lt. John Barlow and Sgt. Ralph Bailey[1]; and the retaliation claim against Ralph Bailey.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court an **original** "U.S. Marshal-285" form for **each defendant**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). **Plaintiff shall also provide the court with copies of the complaint (D.I. 2) for service upon defendants and the attorney general. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the

---

[1] Plaintiff's allegations of failure to investigate or report the assault and failure to discipline Scott Kasprenski, liberally construed, sufficiently allege Barlow and Bailey's tacit policy of condoning the type of alleged behavior (i.e., assault), by letting correctional officers know they will not be investigated or disciplined when acting in the manner alleged.

defendant(s) so identified in each 285 form.

    4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

    7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). ***

    8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed

prior to service will be dismissed without prejudice, with leave to refile following service.

\*\*\*

                                                                                     *[signature]*
                                          UNITED STATES DISTRICT JUDGE