IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RASHID A. ALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-613 -SLR |
| | ) | |
| SCOTT KASPRENSKI, RALPH BAILEY | ) | JURY TRIAL DEMANDED |
| JOHN BARLOW, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS BAILEY AND BARLOWS' ANSWER TO THE COMPLAINT

COME NOW, defendants Ralph Bailey and John Barlow ("Answering Defendants") by and through their undersigned counsel, and hereby answer the Complaint of the plaintiff, Rashid A. Ali ("Plaintiff"). (D.I. 2).

### COMPLAINT

This paragraph states legal contentions for which no response is required.

### JURISDICTION

States a legal contention for which no response is required.

### PARTIES

1.     Admitted that Plaintiff is an inmate incarcerated at the Delaware Correctional Center. The balance of the paragraph states legal contentions for which no response is required.

2.     Admitted that Scott Kasprenski was a correctional officer assigned to the Delaware Correctional on October 17, 2006. The balance of the paragraph is not directed to Answering Defendants and states legal contentions for which no response is required.

3.     Admitted that Sergeant Ralph Bailey is a correctional officer and was assigned to the Delaware Correctional Center on October 17, 2006. The balance of the paragraph states legal contentions for which no response is required.

4. Admitted that Lieutenant Barlow is a correctional officer and was assigned to the Delaware Correctional Center on October 17, 2006. The balance of the paragraph states legal contentions for which no response is required.

## FACTS

5. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

6. It is admitted that inmates must pass through locked and manned gates when traveling within the Delaware Correctional Center.

7. Upon information and belief, Officer Kraspenski was working in the W Building, Unit 29 on the date alleged. Answering Defendants are without sufficient information to form a belief as to the truth of the remainder of the paragraph.

8. Admitted.

9. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

10. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

11. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

12. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

13. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

14. This paragraph states legal contentions for which no response is required.

15. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

16. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

17. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

18. The first sentence states a legal contention for which no response is required. Answering Defendants are without sufficient information to form a belief as to the truth of the second sentence.

19. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

20. It is admitted only that there was an institutional investigation; the balance of the averment is denied.

21. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

22. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

23. This paragraph states legal contentions for which no response is required.

24. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

25. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

26. Admitted only that Plaintiff reported the incident to Lt. Barlow. The balance of the statement is denied.

27. Denied.

28. This paragraph states legal contentions for which no response is required.

29. This paragraph states legal contentions for which no response is required.

30. This paragraph states a legal contention for which no response is responded.

31. It is admitted that policies that have their own formal appeal mechanisms are not grievable through the inmate grievance procedure.

32. It is admitted only that Defendant Barlow is aware of the inmate grievance procedure. The balance of the statement is denied.

33. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

34. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

35. Upon information and belief, it is admitted that Plaintiff reported the incident to Cpl. Rainey.

36. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

37. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

38. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

39. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

40. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

41. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

42. Denied as stated. It is admitted that Sgt. Bailey called both Plaintiff and Officer Kasprenski upstairs.

43. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

44. This paragraph states legal contentions for which no response is required.

45. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

46. Denied.

47. This paragraph states legal contentions for which no response is required.

48. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

49. Denied.

50. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

51. Upon information and belief, it is admitted only that Officer Kasprenski filed disciplinary charges against Plaintiff on October 17, 2006 for Disrespect and Failing to Obey an Order, Answering Defendants are without sufficient information to form a belief as to the truth of the remainder of the paragraph.

52. Answering Defendants are without sufficient information to form a belief as to the truth of this paragraph.

53. It is admitted only that disciplinary charges follow certain procedural guidelines; the balance of the averment is denied.

54. Denied.

55. Denied.

56. Denied.

57. This paragraph states legal contentions for which no response is required.

58. This paragraph states legal contentions for which no response is required.

59. This paragraph states legal contentions for which no response is required.

60. It is admitted only that Plaintiff was found Not Guilty on the charges filed by Officer Krasprenski on October 17, 2006; Answering Defendants are without sufficient information to form a belief as to the truth of the remainder of the averment.

61. It is admitted only that Plaintiff filed a grievance on October 17, 2006 asserting allegations against Kasprenski and Barlow. The balance of the paragraph is denied as stated; the grievance speaks for itself.

62. It is admitted that Plaintiff's grievance was returned as non-grievable.

63. This paragraph states legal contentions for which no response is required.

64. Denied.

65. This paragraph states legal contentions for which no response is required.

66. It is admitted that Plaintiff complained to Internal Affairs. Answering Defendants are without sufficient information to form a belief as to the truth of the remainder of the paragraph.

67. It is admitted that Plaintiff's claims were investigated and the claims against Kasprenski were found to have merit.

68. Denied.

69. This paragraph states legal contentions for which no response is required.

70. This paragraph states legal contentions for which no response is required.

## CAUSE OF ACTION

71. This paragraph states legal contentions for which no response is required.

72. This paragraph states legal contentions for which no response is required.

73. This paragraph states legal contentions for which no response is required.

74. This paragraph states legal contentions for which no response is required.

## DAMAGES

74[1]-78. It is specifically denied that Plaintiff is entitled to any monetary damages. It is specifically denied that Plaintiff is entitled to declaratory, injunctive or any other relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

75. Plaintiff has failed to state a claim upon which relief can be granted.

76. Plaintiff has failed to exhaust his administrative remedies.

77. Answering Defendants are immune from liability under the Eleventh Amendment.

78. Answering Defendants are entitled to qualified immunity.

79. As to any claims under state law, Answering Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

80. As to any claims under state law, Answering Defendants are entitled to sovereign immunity in their official capacity.

81. Answering Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

82. To the extent that Plaintiff seeks to hold Answering Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

---

[1] There are two paragraphs numbered 74 in the Complaint.

83. Answering Defendants, in their official capacity, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

84. Insufficiency of service of process.

85. Insufficiency of process.

86. Lack of jurisdiction over the person and subject matter.

WHEREFORE, the Answering Defendants respectfully requests that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to the Answering Defendants.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Stacey X. Stewart*
Stacey X. Stewart, I.D.: 4667
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, De 19801
(302) 577-8400
*Attorney for Defendants Bailey and Barlow*

Dated: August 6, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2008, I electronically filed *Defendant Bailey and Barlow's Answer to the Complaint* with the Clerk of Court using CM/ECF and have mailed by United States Postal Service, the document to the following non-registered participant:

Rashid A. Ali
SBI # 176898
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                                */s/ Stacey X. Stewart*
                                                Stacey X. Stewart, I.D.: 4667
                                                Department of Justice
                                                820 N. French St., 6th Floor
                                                Wilmington, DE 19801
                                                (302) 577-8400
                                                stacey.stewart@state.de.us