IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

RASHID A. ALI,                          )
            Plaintiff,                  )
        v.                              )   Civil Action: 1:07-CV-613 SLR
SCOTT KASPRENSKI,                       )   Jury Trail Demand
RALPH BAILEY,                           )
JOHN BARLOW,                            )
            Defendants.                 )

First Set of Combined Interrogatories and Production of Documents Directed to Bailey and Barlow

COMES NOW, plaintiff, Ali pursuant to the appropriate Fed. R. Civ. P., Local Rule, and or case

authority. Ali attests that the instant discovery request is made in good faith, not meant to harass, inconvenience,

or be overly burdensome to defendants or to delay these proceedings in any manner. Ali requests defendants

Bailey and Barlow to reply to the following discovery requests, where required under the applicable rules, under

oath, within thirty-days of the date of service.

## DEFINTIONS

1. If any of these discovery requests cannot be answered completely, answer the discovery request to the extent possible, and specify the reasons for your inability to completely answer.

2. This discovery request is a continuing one. If, after responding, you become aware of nay further information responsive to these (interrogatories, admissions, and/or production of documents); you are required to supplement your answer.

3. "Complaint" shall mean and refer to the Complaint filed by plaintiff in the above captioned action, and action shall be employed interchangeably with complaint.

4. "You" and "Your" means the party to whom these Requests were propounded and includes anyone authorized to or purporting to act on its behalf, including but not limited to officers, directors, employees, successors, parent corporations, subsidiary corporations, attorney, agents, or other representative.

5. "Discovery Requests" means, collectively, Ali's First Set of Interrogatories, Admissions, and Production of Documents Directed to defendant First Correctional Medical, Inc.

6. "DCC" shall mean Delaware Correctional Center, and "DDOC" shall mean Delaware Department of Corrections.

7. "Identify" when used with reference to a natural person means to state his or her full name, present or last known address, present of last known position or business position and address, and position of business affiliation at the time in question.

8. The term "all" includes the word "any" and the word "any" includes "all." The terms "all" and "each" shall be construed as each and all.

9. The terms "communication" or "communications" shall mean and refer to, without limitation, any document, statement, or expression which constitutes, embodies, evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters, telecopys, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

10. The term "document" as used herein is employed in the broadest possible sense under Rule 34 to include any medium upon which information is recorded or preserved, by whomever generated or received, and means without limitation, any written, printed, typed, Photostatted, emailed, photographed, recorded, taped, or otherwise reproduced communication, compilations, or reproductions including computer generated or stored information or date, whether assertedly privileged or not and including all copies or drafts of any document which differs (by annotation or otherwise) in any respect from the original.

11. The term "including" shall be construed to mean "including without any limitation."

1

12. The terms "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of nay type.

13. The terns "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e. to bring within the scope of the request all response that otherwise might be construed to be outside the scope of the request.

14. The terms "relate" or "relating to" as used herein shall mean concerning, involving, consisting of, alluding to, referring to, appertaining to, regarding, reflecting, evidencing, having any logical or factual connection with or tending to prove or disprove the matter discussed.

15. The terms "you" and "your" shall mean the party to which these requests are directed.

16. The terms "describe" or "description" when used in connection with any act, accounting, action, activity, audit, practice, process, occurrences, plan, communication, conference, discussion, development, service, transaction, test, negotiation, instance, incident, or event, mean to furnish a detailed account of the matters referred to, including the following information:

    a. Its general nature;

    b. The time and place thereof;

    c. A chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof;

    d. The identity of each person who performed any function or who had any role in connection therewith (i.e. speaker, participant, contributor of information, witness, etc), or who has any knowledge thereof, together with a description of each such person's function, role or knowledge;

    e. The identity of each document which refers thereto or which was used, referred to or prepared in the course of or as a result thereof; and

    f. The identity of each communication, whether oral or written, which was a part thereof or which referred thereto.

17. The terms "describe" or description" when used in connection with any calculation, computation, amount or figure means to provide:

    a. A detailed explanation of its meaning;

    b. A detailed explanation of the manner in which it was derived, including an itemization of all subcategories included therein;

    c. The identity of each person who performed any function or had any role in connection therewith or who has any knowledge thereof, together with a description of each such person's function, role, or knowledge;

    d. The identity of each document which refers thereto or which was used referred to or prepared in the course of as a result thereof; and

    e. The identity of each oral communication which occurred in the course of the preparation thereof or which referred thereto.

18. When asked to provide or state a "factual basis" the term "factual basis" means to provide in detail all facts related to the matter, including the following;

    a. Each item of information upon which the allegation, contention, claim, or demand to which it pertains is based, including a full description thereof;

    b. With respect to each such item of information, the identity of each person having knowledge and each source thereof, including each document, communication, act, action, activity, accounting, negotiation, practice, process, occurrence, occasion, course of conduct, happening, relationship, scheme, conference, discussion, development, service, instance, incident, event, audit, calculation, and computation, upon which respondent relies with respect thereto.

19. The terms "identify," identification," or "identity" as applied to a person means to provide:

    a. When used in reference to a natural person: full name; present or last known address (both residence and business and telephone numbers), present or last known business affiliation; and present of last known business positions (including job title and description of job functions, duties, and responsibilities), and including rank and duration of employment;

    b. When used in reverence to any entity other than a natural person: Its full name; the address and telephone number of its principal place of business; the jurisdiction under the laws of which it has been organized or incorporated; the identity of all persons who acted and/or who authorized another to act on its behalf in

2

connection with the matters referred to; in the case of a corporation, the names of its directors and principal officers; and

c. In the case of an entity other than a corporation, the identities of its partners or principals or all persons who acted or who authorized another to act on its behalf in connection with the matters referred to.

20. The term "identify," identification," or "identity" as applied to an oral communication means to provide the following information:

a. By whom it was made and to whom it was directed;

b. Its specific subject;

c. The date upon which it was made;

d. All persons who were present when it was made; and

e. Whether it was recorded, described, or summarized in any writing of any type and, if so, the identity of each such writing in the manner indicated below.

21. The terms "identify," identification," or "identity" as applied to a written communication or document means to provide the following:

a. Its nature (e.g. letter, memorandum, telegram, note, drawing, etc.);

b. Its specific subject;

c. By whom it was made and to whom it was directed;

d. The date upon which it was made; and

e. Who has possession of the original and all copies.

22. "SOP" shall mean any and all Standard Operating Procedures for the Correctional Officers, which were in effect during the relevant time period of Ali's claims at DCC.

23. The terms "adequate," "appropriate," and "sufficient" refer to standards established by clinical guidelines promulgated by professional organizations in the relevant field.

24. "Grievance" shall be construed to mean any formally filed Grievance and this term is construed under the DDOC Inmate Grievance Procedures 4.4 during the relevant time of this action.

25. Any term and/or words that are not defined herein shall be construed to mean its plain and ordinary usage as defined in a standard dictionary.

26. "IGP 4.4" and "IGP" shall mean the Inmate Grievance Procedure 4.4 authorized by the DDOC for use at DCC and effective during the relevant period.

27. "IA" shall mean the Internal Affairs branch or entity or officers that investigated and or were involved in any way with Ali's complaint against defendant SCOTT KASPRENSKI.

## INSTRUCTIONS

1. As used herein, the past tense shall include the present tense and the present tense shall include the past tense. The singular shall include the plural and the plural shall include the singular.

2. If any Discovery Request is answered by reference to a group of documents, with respect to each such answer, identify the specific document or documents containing the respect to each such answer, identify the specific document or documents containing the requested information and, if such information is contained in any document exceeding one page in length, include in the identification of said document the number of the particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to in said interrogatories appears in your answer thereto.

3. If you object to any of the Discovery Requests herein, whether in whole or in part, on the grounds that the information sought therein is privileged or confidential, state the following:

a. Identify the privileged document or communication;

b. Identify the persons who received or have received the privileged document and/or persons present during the privileged communication;

c. Identify the person who made the privileged document or communications;

d. Identify the general subject matter of the privileged document or communication; and

e. State the basis for your claim of privilege with respect to each such document or communication.

4. If, for reasons other than a claim of privilege, you refuse to admit or deny any request for admission herein, please state the grounds upon which the refusal is based with sufficient specificity to permit a judicial determination of the propriety of such refusal.

5. Rules 33, 34, and 36, and any other applicable rules regarding discovery of the Federal Rules of Civil Procedure are hereby incorporated herein by reference.

6. Each Definition and Instruction above shall be fully applicable to each Discovery Request herein.

7. These Discovery Requests are considered to be continuing in character, and whenever additional information responsive to them, but not supplied in answer of them is obtained or becomes known to defendants, it shall be supplied in writing under oath.

8. With respect to each Discovery Request, keep a record of and report in the response to each the identity of each person who supplied information used in the preparation of the answer.

9. Unless otherwise stated or clearly implied form a particular Discovery Request, the relevant time frame for these Discovery Requests is from 01-01-2006 through and including the time when the answers to those Discovery Requests or any supplement thereto is served.

10. These Definitions and Instructions shall apply to all subsequent discovery requests directed to any defendant who is a party to this action and is incorporate therein as referenced.

### First Set of Interrogatories/Production of Documents Directed to Bailey

1. Identify the following persons:

   a. SCOTT KASPRENSKI,

   b. RALPH BAILE, and

   c. JOHN BARLOW,

2. Identify and produce any documents, communications, -including any records and/or disciplinary action, etc-relating to the 10-17-06 incident between Ali and defendant Kasprenski ("Kasprenski").

3. Identify any and all persons –including IA officers- who were and/or became involved with the 10-17-07 Kasprenski/Ali incident.[1]

4. Identify any and all persons –including IA officers- who were and/or became involved with the disciplinary charges (e.g. Disrespect 2.05, and Failing to Disobey an Order 2.06/200.108), that Kasprenski filed against Ali.

5. Describe Bailey's responsibilities on 10-17-06 as they pertain to the following:

   a. W-1 Housing Unit,

   b. WIAC Unit,

   c. Safety, health, and welfare of inmates under Bailey's care (e.g. Ali),

   d. Subordinate Officers (including training and supervision),

   e. Post 29 (i.e. officer assigned to Post 29),

   f. Disciplinary write ups for inmates in W-1 housing unit,

   g. Ali's complaint of the 10-17-06 incident between Ali and Kasprenski,

   h. The obvious false charges and/or retaliation of Kasprenski's filing false disciplinary charges against Ali,

   i. S.O.P. regarding any applicable items above (A thru H), and

   j. Any other DDOC or DCC regulations that would apply to the items above (A thru H).

6. Identify and describe the person/position responsible for directly supervising Bailey on 10-17-07.

7. Identify and describe the function of IA.

8. Identify and describe the S.O.P. (including any applicable regulations) that would apply and/or relate to facts and/or charges that Ali described in his complaint of the 10-17-06 incident between Ali and Kasprenski.

---

[1] The 10-17-07 Kasprenski/Ali incident shall be construed to mean the facts listed in Ali's complaint from items 5-70.

9. Produce the IGP 4.4 as it was in effect on October 2006.

10. Identify and produce any alternate administrative remedies that may have

11. Identify and produce any documents, communications relating to any I.A. investigation and/or reports in relation to the 10-17-07 Kasprenski/Ali incident.

12. Identify and produce any documents, communications relating to any disciplinary action or reports (including any communications, incident reports, and/or disciplinary action placed into or recorded in Bailey's personnel record), that related to or originated from the 10-17-07 Kasprenski/Ali incident, and which involves Bailey.

13. Describe Bailey's response to the 10-17-07 Kasprenski/Ali incident (including Ali's notification of the assault).

## First Set of Interrogatories/Production of Documents Directed to Barlow

1. Identify the following persons: JOHN BARLOW.

2. Identify and produce any documents, communications, -including any records and/or disciplinary action, etc-relating to the 10-17-06 incident between Ali and defendant Kasprenski ("Kasprenski").

3. Identify any and all persons –including IA officers- who were and/or became involved with the 10-17-06 incident between Ali and Kasprenski.

4. Identify any and all persons –including IA officers- who were and/or became involved with the disciplinary charges (e.g. Disrespect 2.05, and Failing to Disobey an Order 2.06/200.108), that Kasprenski filed against Ali.

5. Describe Barlow's responsibilities on 10-17-06 as they pertain to the following:

       a. W-1 Housing Unit & WIAC Unit,                 ,

       b. Safety, health, and welfare of inmates under Barlow's immediate care (e.g. Ali),

       c. Subordinate Officers (including training and supervision of Bailey and Kasprenski), and

       d. Disciplinary write ups for inmates in W-1 housing unit,

       e. The obvious false charges and/or retaliation of Kasprenski's filing false disciplinary charges against Ali,

       f. S.O.P. regarding any applicable items above (A thru H), and

       g. Any other DDOC or DCC regulations that would apply to the items above (A thru H).

6. Identify and describe the person/position responsible for directly supervising Barlow on 10-17-07.

7. Identify and describe the function of IA.

8. Identify and describe the S.O.P. (including any applicable regulations) that would apply and/or relate to facts and/or charges that Ali described in his complaint of the 10-17-06 incident between Ali and Kasprenski.

9. Identify and produce any documents, communications relating to any I.A. investigation and/or reports in relation to the 10-17-06 incident between Ali and Kasprenski.

10. Identify and produce any documents, communications relating to any disciplinary action (including any communications, incident reports, and/or disciplinary action placed into or recorded in Barlow's personnel record), that related to or originated from the 10-17-07 Kasprenski/Ali incident, and which involve Barlow.

11. Describe Barlow's response to the 10-17-07 Kasprenski/Ali incident (including Ali's notification of the assault).

12. Identify and describe the S.O.P. which relates to Staff assaulting and/or threat of assault upon an inmate.

_Rashid a. ali_

Rashid Ali, Rashid A. Ali, SBI #176898, 1181 Paddock Rd. Smyrna, DE 19977

_August 12, 2008_
Date

5

## CERTIFICATE OF SERVICE

I, Rashid Ali, state that I have caused to be delivered to below counsel of defendants the following:

1.First Set of Combined Interrogatories And Production
of Document Directed to Bailey and Borlow;

2. _____

_____.

By placing same in a U.S. Mail Receptacle located at the Delaware Correctional Center on

This 12ᵗʰ day of August 2008, and addressed to the following parties:

Stacey X. Stewort

(Counsel for Bailey & Barlow)                    (Counsel for Kasprenski)

Ralph Bailey

John Barlow

_____

Rashid Ali,
SBI #176898
1181 Paddock Rd.
Smyrna, DE 19977

August 12, 2008
Date

13

I/M: Rashid A. Ali
SBI# 00176893    UNIT W-1 Building

**DELAWARE CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE 19977**

Office of the Clerk
United States District Court
844 N. King Street, Lock Box 18
Wilmington, Delaware
19801-3570

