IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RASHID A. ALI,                                   )
                                                 )
                    Plaintiff,                   )
                                                 )
          v.                                     ) Civ. No. 07-613-SLR
                                                 )
SCOTT KASPRENSKI, et al.,                        )
                                                 )
                    Defendants.                  )

## MEMORANDUM ORDER

At Wilmington this I<sup>th</sup> day of September, 2009, having considered the pending

motions;

IT IS ORDERED that:

1. **Background**. Plaintiff Rashid A. Ali ("plaintiff"), an inmate at the James T.

Vaughn Correctional Center ("VCC"), filed this civil rights complaint pursuant to 42

U.S.C. § 1983. (D.I. 2) During the relevant time period, defendant Scott Kasprenski

("Kasprenski") was an employee of the Delaware Department of Correction. He

resigned from his position on April 10, 2007. (D.I. 23, Resp. 1.a.) The first attempt to

serve him was unsuccessful. (D.I. 11) Upon receipt of Kasprenski's address, the U.S.

Marshal Service advised him of the complaint and Kasprenski waived service of

summons on January 15, 2009. (D.I. 45) Thereafter, on February 4, 2009, the court

was advised that the Delaware Department of Justice sought appointment of counsel for

Kasprenski due to a conflict of interest. (D.I. 46) The Delaware Superior Court

appointed counsel who entered her appearance on Kasprenski's behalf on August 18,

2009.  (D.I. 67)  Kasprenski has been granted an extension of time, until September 10, 2009, to answer the complaint.  (D.I. 69)

2.  The two other defendants, Ralph Bailey ("Bailey") and John Barlow ("Barlow"), were served in June 2008.  (D.I. 12, 15)  Once they answered the complaint, the court entered a scheduling order to complete discovery by December 22, 2008 and to file dispositive motions by January 26, 2009.  (D.I. 18)  Plaintiff, Bailey, and Barlow stipulated to extend discovery deadlines.  Additionally, Bailey and Barlow moved for, and were granted, an extension of time to file dispositive motions.  (D.I. 37, 38)  Bailey and Barlow filed their motion for summary judgment on March 12, 2009.  (D.I. 54)

3.  **Request for Counsel**.  Plaintiff's request for counsel is **denied** without prejudice.  (D.I. 34)  Plaintiff seeks counsel to:  (1) assist in the service of Kasprenski; (2) aid in procuring discovery that Bailey and Barlow have refused to provide; and (3) represent him during his deposition.  (D.I. 34)  Subsequent to filing the motion, Kasprenski has been served and plaintiff has been deposed.

4.  A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.  *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate

-2-

under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

5. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

6. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Two of the grounds relied upon by plaintiff in seeking counsel have been resolved. Additionally, as will be discussed below, the court will review in camera those documents defendants declined to produce to plaintiff. Finally, plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment.

7. **Motion for Extension of Time to Complete Discovery**. Now that Kasprenski has been served, plaintiff moves to extend the time for discovery. (D.I. 57) Barlow and Bailey oppose the motion to the extent it seeks to reopen discovery directed

towards them.  (D.I. 62)  They argue that plaintiff's claims against Kasprenski are separate and distinct from the claims against them.[1]

8.  Plaintiff's motion is **granted** in part. Plaintiff will be allowed to seek discovery from Kasprenski.  He may not seek further discovery from Barlow and Bailey, absent order of the court.  Plaintiff and Kasprenski shall complete their discovery on or before **January 4, 2010**.

9.  **Internal Affairs March 22, 2007 Report**.  Bailey and Barlow did not produce the March 22, 2007 internal affairs report to plaintiff on the grounds that it is protected from discovery pursuant to 11 Del. C. § 4322 and 19 Del. C. § 1001.  (D.I. 23, Resp. 2) They also state that because they do not dispute the allegation of physical contact by Kasprenski, the report is not relevant to a fact at issue in the case.  (*Id.*)  Within **thirty days (30)** from the date of this order, Bailey and Barlow shall produce, under seal, the March 22, 2007 internal affairs report to the court.  The court will conduct an in camera inspection of the report to determine its relevancy.  At the same time, Bailey and Barlow shall also submit under seal a memorandum explaining why the report is considered confidential pursuant to Delaware statute.

10.  **Motion for Summary Judgment**.  Bailey and Barlow's motion for summary judgment is **denied without prejudice**.  (D.I.  54)  While Kasprenski was served in

---

[1]Plaintiff raises an excessive force, retaliation and state assault and battery claim against Kasprenski.  He raises a retaliation claim against Bailey and respondeat superior claims against Barlow and Bailey.  As the court has previously noted, plaintiff's allegations of failure to investigate or report the assault and failure to discipline Kasprenski, liberally construed, sufficiently allege Barlow and Bailey's tacit policy of condoning the type of alleged behavior (i.e., assault), by letting correctional officers know they will not be investigated or disciplined when acting in the manner alleged.

-4-

January 2009, he did not appear until last month.  As a result, plaintiff has not been able

to obtain any discovery from Kasprenski.  Inasmuch as plaintiff has not had an

opportunity to conduct full discovery, the court finds it premature to rule on the pending

motion for summary judgment.  The summary judgment deadline is extended to all

parties as follows:  All summary judgment motions with opening brief and affidavits, if

any, in support of the motion, shall be served and filed on or before **February 1, 2010**.

Answering briefs and affidavits, if any, shall be filed on or before, **February 15, 2010**.

Reply briefs shall be filed on or before **March 1, 2010**.


UNITED STATES DISTRICT JUDGE